IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GCIU – EMPLOYER
RETIREMENT FUND, *et al.*,

    Plaintiffs,

    vs.

THE NOVELTY
ADVERTISING COMPANY,

    Defendant.

Case No. 2:19-cv-1542

Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiffs, GCIU – Employer Retirement Fund (the "Pension Fund"), an employee benefit plan and a multiemployer plan, and its trustees ("the Trustees"), bring this action under Sections 502(a)(3), (d)(1) and (g)(2) and 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1) and (g)(2) and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended (the "LMRA"), 29 U.S.C. § 185, for recovery of contribution amounts allegedly due Plaintiffs. With the consent of the parties (ECF No. 15), 28 U.S.C. § 636(c), this matter is before the Court on Plaintiffs' Motion for Summary Judgment (ECF No. 28) and Plaintiffs' Supplemental Submission Regarding Attorneys' Fees, Costs and Expenses, Liquidated Damages and Interest (ECF No. 33). Defendant The Novelty Advertising Company ("Novelty"), which is proceeding without the assistance of counsel, was repeatedly warned that it may appear only through licensed counsel in this Court and Novelty was specifically warned that the Court would grant summary judgment if Plaintiffs show that there is no genuine dispute as to any material fact and Plaintiffs are entitled to judgment as a matter of

law.  (ECF Nos. 17, 20, 24, 29 (quoting Fed. R. Civ. P. 56(a)).)  Despite these warnings, Defendant has not participated in this litigation since its counsel was granted leave to withdraw and there has been no response to Plaintiffs' Motion for Summary Judgment.

The Pension Fund is an "employee pension benefit plan" and "multiemployer plan" as defined under 29 U.S.C. §§ 1002(2)(A), (37)(A), which funds the GCIU – Employer Retirement Benefit Plan.  (Complaint, ECF No. 1 ("Compl."), ¶ 4.)  The Trustees are fiduciaries of the Pension Fund, are plan sponsors of the Pension Fund, and are authorized to bring this action.  (*Id*. at ¶ 5 (citing 29 U.S.C. §§ 1002(16)(B), (21)(A), 1132(a)(3)).)  Novelty is an employer within the meaning of 29 U.S.C. §§ 1002(5), 152(2) and is engaged in an "industry or activity affecting commerce" within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12) and Sections 2(6) and 7 of the LMRA, 29 U.S.C. §§ 152(6) and (7).  (*Id*. at ¶ 7.)  Plaintiffs seek recovery of unpaid contributions, interest, rehabilitation plan increases, audit costs, liquidated damages, attorney's fees, and other costs and expenses of the litigation.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact.  Fed. R. Civ. P. 56; *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011).  "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate."  *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

The record reflects the following uncontroverted facts.  Novelty and the Graphic Communications Conference of the International Brotherhood of Teamsters Local 508-M of District Council 3 ("the Union") were parties to a succession of collective bargaining agreements ("the CBAs") requiring contributions to the Pension Fund.  Declaration of Frank Miles, ECF No.

28-2, ¶ 2(a)[1]; Exhibits 2 and 3, ECF No. 28-2 (copies of CBAs).)  The CBAs required Novelty to make timely reports and monthly contributions to the Pension Fund.  (Miles Declaration, ¶ 2(a)–(p); Exhibits 2 and 3, ECF No. 28-2.)  The CBAs also provide for interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, including the cost of an audit.  (*Id*.)

Here, with the exception of one payment on February 26, 2018, Novelty failed to make timely contributions to the Pension Fund for the period May 1, 2013 through February 28, 2019.  Declaration of Darrell Tillmannshofer, ECF No. 28-3, ¶¶ 7–9.).[2]  After applying the single payment, unpaid contributions, interest, plan increases, and audit costs total $44,558.00.  (*Id*.; Exhibit 1, attached thereto; Supplemental Declaration of Darrell Tillmannshofer, ECF No. 33-2, ¶¶ 4–6 ("Supplemental Tillmannshofer Declaration"); Exhibit 1 attached thereto.)[3]  Liquidated damages owed by Novelty total $6,509.88.  (Supplemental Tillmannshofer Declaration, ¶ 6; Exhibit 1 attached thereto.)  After March 2, 2020, interest continues to accrue against Novelty at the daily rate of $5.86.  (Supplemental Tillmannshofer Declaration, ¶ 5.)  Plaintiffs have incurred attorney's fees in the amount of $15,542.50.  Declaration of Timothy Gallagher, Esq., ECF No. 33-1, ¶¶ 2–5; Exhibit A, attached thereto (copies of redacted billing records).)  Plaintiffs have also incurred expenses in the amount of $505.35.  (*Id*.)

Because Novelty has not responded to the Motion for Summary Judgment, the accuracy of all these amounts is uncontroverted.  The Court, therefore, concludes that the Pension Fund is

---

[1] Frank Miles, the third party administrator of the Pension Fund, is the Payroll Audit Supervisor who has performed administrative duties on behalf of the Pension Fund since September 1, 2018.  (*Id*. at ¶ 1.)

[2] Darrell Dillmannshofer is a payroll auditor employed by Lindquist LLP, which is the independent auditor for the Pension Fund.  (*Id*. at ¶ 1.)

[3] The Supplemental Tillmannshofer Declaration corrects a formula error used to calculate the interest due and owing.  (*Id*. at ¶¶ 3–4.)

entitled to judgment in these amounts.

For these reasons, the Motion for Summary Judgment (ECF No. 28) is **GRANTED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of Plaintiffs GCIU – Employer Retirement Fund as follows:

(a) $44,558.00 in unpaid contributions, interest, rehabilitation plan increases and audit costs;

(b) $16,047.85 in reasonable attorneys' fees and costs;

(c) $6,509.88 in liquidated damages;

(d) $5.86 in daily interest beginning March 3, 2020 and continuing until Novelty satisfies the judgment entered on behalf of the Pension Fund; and

(e) post-judgment interest pursuant to 28 U.S.C. §1961.

The Clerk is **FURTHER DIRECTED** to mail a copy of this Opinion and Order via regular and certified mail to Novelty at the following address listed on the previously-filed Certificate of Service (ECF No. 18):

Novelty Advertising Company
Attn: Gregory R. Coffman, President
1148 Walnut Street
Coshocton, OH 43812

**IT IS SO ORDERED.**

DATED: April 1, 2020

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**